## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEFINA T.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6223 |
| v. | ) | |
| | ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) | Maria Valdez |
| Commissioner of Social Security,[2] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Josefina T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No 20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I.   PROCEDURAL HISTORY

On January 9, 2018, Plaintiff filed a claim for DIB, alleging disability since November 10, 2016. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 8, 2019. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 30, 2020, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.  ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of November 10, 2016 through her date last insured of December 31, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: fibromyalgia; spinal disorder; headaches; depression; and anxiety. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolding and no more than occasionally climb ramps and stairs, balance, stoop, crouch, kneel, crawl, bend, or twist; is to be provided a sit-stand option allowing her to stand 1-2 minutes after sitting for 30 minutes; can reach overhead no more than occasionally bilaterally; and can understand, remember, and carry out no more than simple routine tasks and cannot engage in complex/detailed tasks. At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a bank manager, bank teller, or receptionist. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

## I.   ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not sufficiently explain her rejection of the opinions of Plaintiff's treaters; and (2) the ALJ failed to factor in the combined effects of Plaintiff's severe physical and mental impairments on her ability to sustain work at any exertional level. Each argument will be addressed below in turn.

### A.   <u>Treating Source Opinions</u>

Plaintiff argues that "[t]he ALJ failed to support her rejection of each treating opinion source statement in the record." (Pl.'s Mot. at 10.) The Court disagrees. Because Plaintiff filed her claim in 2018, the ALJ was required to

evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under this regulation, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

Here, the ALJ considered the opinions of Drs. Don McClure, Edwin Anderson, Robert Goldman, and David Serrano, each of whom opined that Plaintiff was incapable of even "low stress" jobs. The ALJ found each of these opinions unpersuasive, reasoning that the doctors did not refer to the record to support their

opinions. (R. 28-31.) The ALJ was entitled to discount the opinions on that basis. *See Ole W. v. Kijakazi*, No. 3:21-cv-50021, 2022 U.S. Dist. LEXIS 110363, at *11-12 (N.D. Ill. June 22, 2022) ("Here, the ALJ rejected Plaintiff's treaters' opinions because they failed to cite to objective medical evidence. . . . Plaintiff provides no authority to find that the ALJ erred in considering the lack of objective evidence in discrediting a treater's opinion."); *Stobbe v. Kijakazi*, No. 20-C-777, 2021 U.S. Dist. LEXIS 148493, at *56-57 (E.D. Wis. Aug. 9, 2021) ("[T]he ALJ gave sound reasons for discounting this opinion: Dr. Zhou examined plaintiff only twice and did not offer specific functional limitations or cite to any record evidence as to why plaintiff was disabled."). The ALJ further found that the opinions were otherwise inconsistent with record and also not consistent with Plaintiff's testimony and/or her activities of daily living. (R. 28-31.) Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting the opinions. *See* 20 C.F.R. § 404.1520c(b)(2).

The ALJ also considered the opinions of Drs. Anderson and Goldman that Plaintiff was "totally disabled" from all work. The ALJ found these opinions unpersuasive, reasoning that the doctors did not refer to the record to support their opinions, the opined limitations were inconsistent with the record, and the opinions were not consistent with the Social Security Administration's function-by-function criteria. (R. 30.) Given these explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting the

opinions. *See* 20 C.F.R. § 404.1520c(b)(2). Ultimately, the Court finds unavailing Plaintiff's claimed errors with respect to the treating source opinions.

### B.    Concentration, Persistence, or Pace

In advancing her second argument, Plaintiff contends, in sum, that the ALJ failed to properly account for Plaintiff's limitations in concentration, persistence, or pace. With respect to the "paragraph B" functional area of concentration, persistence, and pace, the ALJ found that Plaintiff had a moderate limitation. (R. 19.) In finding that Plaintiff did not have more than a moderate limitation in that area, the ALJ noted that Plaintiff displayed appropriate thought processes at a consultative psychological evaluation. (*Id.*) The ALJ further noted that Plaintiff was able to focus and describe her complaints in great detail at the hearing. (*Id.*) The ALJ also noted that Plaintiff was able to concentrate enough to drive; prepare food; do some cleaning; go out alone; use social media; send e-mails and texts; read; watch hour-long shows; and navigate websites to shop. (*Id.* at 19-20.) As stated above, in her RFC assessment, the ALJ limited Plaintiff to carrying out no more than simple routine tasks and not engaging in complex or detailed tasks. (*Id.* at 21.)

Plaintiff argues that "[t]he ALJ's finding that Plaintiff can understand, remember, and carry out no more than simple routine tasks falls far short of accommodating her documented limitations in focusing and concentrating." (Pl.'s Mot. at 14.) However, an ALJ's use of catchall phrases (such as "simple, routine tasks") in an RFC, without more, does not necessitate remand. *See Recha v. Saul*, 843 F.App'x 1, 4 (7th Cir. 2021) (noting that the use of boilerplate language, by

9

itself, is not reversible error). Furthermore, crucially, Plaintiff has not articulated what sort of verbiage the ALJ should have used with respect to her asserted limitations with concentration. *See Martin v. Saul*, 950 F.3d 369, 374 (7th Cir. 2020) ("Although [the claimant] complains that the pace requirements are too vague, there is only so much specificity possible in crafting an RFC. The law required no more."). Accordingly, Plaintiff's challenge regarding concentration, persistence, and pace must fail. *See Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019) ("It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none.").

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion for summary judgment [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No 20] is granted.

**SO ORDERED.**                                 **ENTERED:**

DATE:     **July 11, 2022**                    _____
                                                **HON. MARIA VALDEZ**
                                                **United States Magistrate Judge**

10